**Electronically Filed
Intermediate Court of Appeals
29435
31-OCT-2011
09:08 AM**

NO. 29435

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

MELANIO G. FERNANDO, Plaintiff-Appellee,
v.
JUDY K. FERNANDO, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D NO. 06-1-1084)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Ginoza, JJ.)

Defendant-Appellant Judy Fernando (Judy) purportedly appeals from the October 1, 2008 order of the Family Court of the First Circuit (Family Court) denying her Motion To Set Aside Divorce Decree brought pursuant to Rule 60(b) of the Hawai'i Family Court Rules (HFCR).[1]

On appeal, Judy argues that the Family Court abused its discretion by (1) denying her motion for a continuance on her Motion to Set Aside Divorce Decree, and (2) refusing to hold an evidentiary hearing on the same motion.

---

[1] The Honorable Karen M. Radius presided.

I.    Case Background

        The Decree Granting Absolute Divorce (divorce decree) in this case was entered on June 26, 2007.

        Judy filed her Motion to Set Aside Divorce Decree on June 25, 2008.  Attached to the motion were declarations by Dirk Von Guenthner (Guenthner), a forensic accountant, and Judy's counsel, Edward J.S.F. Smith (Smith).  According to Smith's declaration, "there are several questionable transactions regarding the disposition of the marital estate" and, although acknowledging there had been a trial in the case, Smith asserted that "a fresh analysis of the finances has uncovered the traces of what may lead to New Evidence that could not have been previously presented to the court."  The Motion to Set Aside Divorce Decree was set for hearing on October 1, 2008.

        On September 16, 2008, Judy filed a motion to continue the hearing on her Motion to Set Aside Divorce Decree, asserting that based on the declaration of Guenthner, "additional time is required for a proper analysis of the voluminous financial transactions in this case."  Guenthner's attached declaration asserted that, additional time was needed to serve discovery requests and, after receipt of responses to the discovery requests, to subpoena various entities.  Guenthner requested at least five months to complete his work.  In an order issued on September 30, 2008, the Family Court denied Judy's motion for a continuance.

        On October 1, 2008, the Family Court heard two separate motions: (a) Judy's Motion To Set Aside Divorce Decree pursuant to HFCR Rule 60(b); and (b) Plaintiff-Appellee Melanio Fernando's (Melanio) motion to enforce paragraphs 6 and 16 of the divorce decree.  The Family Court denied Judy's motion and granted Melanio's motion.  Separate orders, both dated October 1, 2008, were issued by the Family Court on the two motions.

2

On October 22, 2008, Judy filed a Notice of Appeal, stating she was appealing "from the Order issued 10/1/08." Attached to this Notice of Appeal was the October 1, 2008 order granting Melanio's motion to enforce paragraphs 6 and 16 of the divorce decree. However, at the bottom of the Certificate of Service was the following notation: "JUDY FERNANDO'S MOTION TO CONTINUE MOTION TO SET ASIDE DIVORCE DECREE; DECLARATION OF EDWARD J.S.F. SMITH IN SUPPORT OF MOTION; AFFIDAVIT OF DIRK VON GUENTHNER; NOTICE OF MOTION; CERTIFICATE OF SERVICE."

On December 15, 2008, Melanio's counsel sent a letter to Smith advising *inter alia* that, because the order regarding Melanio's motion was attached to Judy's Notice of Appeal, Melanio's position was that Judy could no longer appeal the order denying her Motion to Set Aside Divorce Decree.

Two days later, on December 17, 2008, Judy filed an Amended Notice of Appeal, to which was attached the October 1, 2008 order denying her Motion to Set Aside Divorce Decree and a declaration by Smith stating "[t]his Amended Notice of Appeal corrects the error made in the previous notice regarding the attached exhibit."

## II. Jurisdiction

A threshold issue is whether this court has jurisdiction as to Judy's appeal from the order denying her Motion to Set Aside Divorce Decree, and thus ultimately, her challenges to the order denying her motion for a continuance and the lack of an evidentiary hearing regarding the Motion to Set Aside Divorce Decree.[2]

---

[2] Judy does not raise any issues in her opening brief related to the order granting Melanio's motion to enforce paragraphs 6 and 16 of the divorce decree.

Judy also does not raise any point of error as to the actual denial of her Motion to Set Aside Divorce Decree. Instead, she challenges the denial of
(continued...)

3

Although Judy appended the wrong order to her Notice of Appeal filed on October 22, 2008, under the standard articulated in State v. Bohannon, "a mistake in designating the judgment . . . should *not* result in loss of the appeal as long as *the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake.*" 102 Hawai'i 228, 235, 74 P.3d 980, 987 (2003) (quoting City & Cnty. of Honolulu v. Midkiff, 57 Haw. 273, 275-76, 554 P.2d 233, 235 (1976)).

Judy's intent to appeal from the order denying her Motion to Set Aside Divorce Decree can be fairly inferred from the reference in the Notice of Appeal to an October 1, 2008 order, coupled with the notation at the bottom of her Certificate of Service. In addition, Melanio was not misled by Judy's mistake in attaching the wrong order to the initial Notice of Appeal. Two days after Melanio's counsel sent a letter to Judy's counsel on this issue, Judy filed the Amended Notice of Appeal correcting the mistake. Moreover, Melanio did not file a statement contesting jurisdiction as allowed by Rule 12.1(a) of the Hawai'i Rules of Appellate Procedure (HRAP). Rather, Melanio filed an answering brief addressing the merits of the appeal, and he raises the question of jurisdiction only in a footnote therein.

We conclude that we have jurisdiction to hear this appeal.

---

[2] (...continued) her motion for continuance and the lack of an evidentiary hearing related to the Motion to Set Aside Divorce Decree. If Judy properly appealed from the order denying her Motion to Set Aside Divorce Decree, we would have jurisdiction to address the points she raises on appeal. Cf. Ueoka v. Szymanski, 107 Hawai'i 386, 396, 114 P.3d 892, 902 (2005) ("[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case.") (internal quotation marks and citation omitted).

## III. Denial of Motion For Continuance[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that the Family Court did not abuse its discretion in denying Judy's motion for a continuance of the hearing on her Motion to Set Aside Divorce Decree.

"A court has the discretion to grant or refuse a continuance of a proceeding in the orderly administration of justice. This discretion is a judicial one and is subject to review for abuse." Sapp v. Wong, 62 Haw. 34, 41, 609 P.2d 137, 142 (1980).

Judy relies on the holding in Sapp and contends that the evidence she wished to present in this case was indispensable thus warranting a continuance. We do not agree. Unlike in Sapp, the parties in this case do not agree that the evidence Judy sought to obtain during the requested continuance was indispensable to the case. Although Judy filed her Motion to Set Aside Divorce Decree under HFCR Rule 60(b), her motion did not articulate the specific basis under which she was seeking to set aside the divorce decree. Rather, although there had been a trial in the case, her motion was vaguely based on her belief that there were "questionable transactions" by Melanio and, having retained an expert, that there was the possibility of new evidence forthcoming.

---

[3]  Judy's opening brief fails to comply with HRAP Rule 28(b)(4) in that the section on points of error does not: state where in the record the alleged errors occurred; or where in the record the alleged errors were objected to or the manner in which the alleged errors were brought to the attention of the Family Court.  See HRAP Rule 28(b)(4).  We may therefore choose to disregard these alleged points of error.  See In re Contested Case Hearing on the Water Use Permit Application Filed by Kukui (Molokai), Inc., 116 Hawai'i 481, 506, 174 P.3d 320, 345 (2007).  Judy's counsel is cautioned that future violation of HRAP Rule 28(b)(4) may result in sanctions.  Even if we do not disregard Judy's points of error, we do not find merit in her appeal.

On appeal, Judy now alleges the basis for her Motion to Set Aside Divorce Decree was fraud, which would be pursuant to HFCR Rule 60(b)(3). Still, she is unable to articulate any actual showing of fraud, instead arguing that: "This matter is not about whether the facts uncovered to present constitute grounds for a Rule 60(b) motion. It [is] about whether sufficient time is to be permitted to Wife to properly investigate whether malfeasance occurred."

As required under HFCR Rule 60(b), a motion brought on the basis of fraud shall be brought "not more than one year after the judgment, order, or proceedings was entered or taken." HFCR Rule 60(b). Here, Judy filed her Motion to Set Aside Divorce Decree one year after the entry of the divorce decree. In bringing her motion, she was required to "prove by clear and convincing evidence that the [decree] was obtained through fraud . . . [and] establish that the conduct complained of prevented the losing party from fully and fairly presenting [her] case." Kawamata Farms, Inc. v. United Agri Prods., 86 Hawai'i 214, 255, 948 P.2d 1055, 1096 (1997); see also Moyle v. Y&Y Hyup Shin, Corp., 118 Hawai'i 385, 403, 191 P.3d 1062, 1080 (2008) (movant under Rule 60(b)(3) of the Hawai'i Rules of Civil Procedure failed to show how any alleged misrepresentation affected the outcome of the case). By her own submissions to the Family Court, it was apparent that Judy was unable to make a showing of fraud and therefore requested more time to do discovery and to investigate potential fraud.

Under these circumstances, it was not an abuse of discretion for the Family Court to deny the continuance.

## IV. Lack of an Evidentiary Hearing

Although Judy raises lack of an evidentiary hearing as a point of error in her opening brief, she fails to present argument on this point. Under HRAP Rule 28(b)(7), this point of error is deemed waived.

Therefore,

IT IS HEREBY ORDERED THAT the order denying Defendant's Motion To Set Aside Divorce Decree filed on October 1, 2008 in the Family Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, October 31, 2011.

On the briefs:

Edward J.S.F. Smith
(Law Offices of
  Edward J.S.F. Smith)
for Defendant-Appellant

Joyce J. Uehara
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

7